UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Auto-Owners Insurance Company,

    Plaintiff,

-v-                                      Case No. 2:06-cv-00079
                                            Judge Michael H. Watson

Tdata, Inc., et al.,

    Defendants.

## OPINION AND ORDER

Plaintiff, Auto-Owners Insurance Company ("Auto-Owners") brings this declaratory judgment action to determine whether a policy it issued provides coverage to Tdata, Inc. ("Tdata") concerning patent and trademark infringement/unfair claims brought against Tdata in separate federal actions by Aircraft Technical Publishers ("ATP") . ATP, which is also named as a defendant in the present action, filed an answer and third-party complaint against its co-defendant, Tdata, and Tdata's officers, James J. Thomas and Gus Andrew Thomas (collectively, "Thomases"), seeking a declaratory judgment that the Thomases are the alter egos of Tdata for purposes of the trademark infringement and unfair competition claims in the separate actions. This matter is before the Court on motion of Tdata and the Thomases to dismiss ATP's third-party complaint (Doc. 9). For the reasons that follow the Court grants the motion of Tdata and the Thomases to dismiss. This opinion will also address various other motions.

I.

Tdata initiated a lawsuit against ATP in this Court in 2003, Case No. 2:03-cv-00264. ATP commenced a lawsuit against Tdata in the Northern District of California in 2004. The case was transferred to this Court and designated case No. 2:04-cv-01072. The two actions were consolidated and are currently pending before Judge Gregory L. Frost.

In the summer of 2005, Tdata and ATP both moved for summary adjudication of ATP's trademark infringement and unfair competition claims. On January 23, 2006, Judge Frost granted ATP's motion for summary adjudication, finding that ATP had established trademark infringement and unfair competition as a matter of law. The only issue remaining on ATP's trademark infringement and unfair competition claims is damages.

On February 1, 2006, Tdata's insurer, Auto-Owners, filed the instant declaratory judgment action against Tdata and ATP. Auto-Owners avers the policy it issued to Tdata does not cover liability arising from patent or trademark infringement, or unfair competition. ATP answered Auto Owner's complaint, and asserted a third-party complaint against Tdata and the Thomases, alleging that the Thomases are alter egos of Tdata.

II.

Third-party practice is governed by Fed. R. Civ. P. 14, which provides in relevant part as follows:

> **(a) When Defendant May Bring in Third Party.** At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a

> party to the action who is or may be liable to the third-party plaintiff for all
> or part of the plaintiff's claim against the third-party plaintiff.

Fed. R. Civ. P. 14(a). "Under Fed. R. Civ. P. 14(a), a third party complaint is permitted only when the third party plaintiff is attempting to transfer liability for the plaintiff's claim against him. The third party defendant's liability must be secondary or derivative. *Baker v. Pierce,* No. 85-5700, 1987 WL 36585, at * 4 n.2 (6th Cir. Jan. 27, 1987). Derivative liability for purposes of Rule 14(a) typically includes only claims for contribution and indemnity. *United States v. Pretty Products, Inc.,* 780 F. Supp. 1488, 1497 n.10 (S.D. Ohio 1991).

Here, ATP is not attempting to transfer liability for Auto-Owners' claim against it to Tdata and the Thomases. It cannot accurately be said that ATP seeks contribution or indemnity from Tdata or the Thomases. Furthermore, ATP's purported third-party claim against Tdata and the Thomases does not arise from the same set of operative facts from which Auto-Owners' claim against Tdata and ATP arises. The operative set of facts for Auto-Owners' claim entails the contractual relationship between Auto-Owners and Tdata and the language of the subject policy. In contrast, ATP's purported third-party alter ego claim against Tdata and the Thomases arises from alleged wrongful acts on the part of the Thomases. For all of these reasons, the Court finds that ATP's purported third-party complaint does not satisfy the requirements of Fed. R. Civ. P. 14(a). Accordingly, ATP's third party claim will be dismissed.

Tdata and the Thomases move for sanctions against ATP under Fed. R. Civ. P. 11 for filing the third-party complaint (Doc. 16). The Court, however, finds that ATP's third-party complaint was warranted by "a nonfrivolous argument for the extension,

modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 16(b)(2). The Court concludes that no Rule 11 violation has occurred, and therefore will deny the motion of Tdata and the Thomases for sanctions.

ATP moves for reassignment of this case to Judge Frost (Doc. 26). With the dismissal of ATP's third-party complaint, this action becomes a routine insurance declaratory judgment action. Reassignment is therefore not warranted. The Court will deny ATP's motion to reassign.

On July 17, 2006, Tdata moved for an extension until September 13, 2006 to disclose expert witnesses (Doc. 29). Tdata's motion is unopposed. The Court will grant Tdata's motion for extension of time to disclose experts.

Lastly, the Court will grant the unopposed motion of of Jack Russo, Tim C. Hale, and William C. Milks for leave to appear *pro hac vice* for ATP (Doc. 12).

III.

Based on the foregoing, the Court **GRANTS** the motion of Tdata and the Thomases to dismiss ATP's third-party complaint (Doc. 9); the Court **DENIES** the motion of Tdata and the Thomases for sanctions under Fed. R. Civ. P. 11 (Doc. 16); the Court **DENIES** ATP's motion to reassign case (Doc. 26); the Court **GRANTS** Tdata's unopposed motion for an extension of time to disclose expert witnesses (Doc. 29); and the Court **GRANTS** the unopposed motion of Jack Russo, Tim C. Hale, and William C. Milks for leave to appear *pro hac vice* for ATP (Doc. 12).

The Clerk shall remove Doc. 9, Doc. 12, Doc. 16, Doc. 26 and Doc. 29 from the Courts pending CJRA motions list.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**